FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN-MICHAEL DURHAM and PENNY JUNE SHELTON,<br><br>                Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES; COURT APPOINTED SPECAL ADVOCATE; CHILD PROTECTIVE SERVICES; FAMILY IMPACT NETWORK, a Washington Nonprofit Corporation; SERVICES ALTERNATIVES INC., a Washington Corporation; FRONTIER BEHAVIORIAL HEALTH, a Washington Nonprofit Corporation; CARING HEARTS SOCIAL SERVICES, INC., a Washington Nonprofit Corporation; and ENCOMPASSES FAMILY SERVICES, LLC, a Washington Limited Liability Company,<br><br>                Defendants. | NO: 2:24-CV-0340-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

BEFORE THE COURT is Defendants', Washington State Department of Children, Youth, and Families, and Child Protected Services Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 7. Defendant, Family Impact Network ("FIN"), join in the motion (ECF No. 8) (collectively "Defendants"). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and the files herein and is fully informed. For the reasons discussed below, Defendants' motions to dismiss (ECF Nos. 7, 8) are **GRANTED**.

## BACKGROUND

Plaintiff, John-Michael Durham ("Durham"), proceeding *pro se*, filed a complaint October 1, 2024 against Defendants alleging constitutional violations related to his parental rights and the care of Durham's children. ECF No. 1. This action arises out of the Washington State Department of Social and Health Services' referral and investigation of potential child abuse or neglect. ECF No. 22 at 2. Durham alleges a violation of due process for being denied the opportunity to participate in state court proceedings concerning his children's welfare, a violation of equal protection for failure to accommodate his children's special needs, and a violation of his First Amendment right to petition the government for redress of grievances. ECF No. 1 at 6, 7. Durham also alleges violations under the Americans with Disabilities Act ("ADA") and Individuals with Disabilities

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

Education Act ("IDEA"). *Id.* at 6-7. As part of the claimed relief, Durham seeks an order for return of his children. *Id.* at 23.

Durham has filed another suit with this Court, 2:24-CV-0325-TOR, contesting a Fact Finding Dependency order issued by the Spokane County Superior Court. 2:24-CV-0325-TOR, ECF No. 1 at 29-30. The defendant there, Spokane County Superior Court, seeks dismissal of that lawsuit for lack of subject matter jurisdiction. *Id.* at 6-8. Defendants in this case now move for dismissal for lack of subject matter jurisdiction. ECF No. 7 at 3.

## DISCUSSION

### I. Motion to Dismiss Standards

A motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### II. The *Younger* Doctrine

Defendants request that because Durham is suing Defendants for conduct

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

related to ongoing state court dependency proceedings, the Court must dismiss the case pursuant to the *Younger* Doctrine. ECF No. 7 at 4. "Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings, including state administrative proceedings that are judicial in nature." *San Remo Hotel v. City and Cnty of S.F.*, 145 F.3d 1095, 1104 (9th Cir. 1998). A *Younger* abstention is required "if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Id*.

In this case, all three factors are met. Durham appears to be involved in ongoing civil dependency proceedings in Spokane County Superior Court Juvenile Division due to the nature of the allegations in the Complaint. ECF No. 1 at 6, 9, 12. The ongoing juvenile proceeding implicates important state interests in ensuring the health and welfare of Durham's children. *Moore v. Sims*, 442 U.S. 414, 435 (1979) ("Family relations are a traditional area of state concern."). As to the third factor, the Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Here, there is no such unambiguous authority that shows Durham will not be afforded opportunity to raise his constitutional challenges through state proceedings. Thus, the Court lacks jurisdiction over issues related to ongoing proceedings in state court.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

### III. The *Rooker-Feldman* Doctrine

Defendants also seek dismissal of Durham's claims pursuant to the *Rooker-Feldman* Doctrine. EFC No. 7 at 6. "Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003).

> [a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision.

*Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).

Defendants contend Durham's claims are a prohibited de facto appeal from a state court decision. ECF No. 7 at 7. Durham lost custody of his children pursuant to a state court dependency trial and now seeks this Court to order the return of his children to his care. *Id*. Durham's claims pertain to his visitation with his children and the children's health and education while under custody of at state agency. Thus, all of Durham's allegations regarding his parental rights and the welfare of his children are inextricably intertwined with the state court dependency proceedings. Therefore, the Court concludes Durham's case falls within the traditional boundaries of both the *Younger* and *Rooker-Feldman* doctrines. Durham has not filed a response to Defendants' motion to dismiss challenging otherwise. Because Durham cannot possibly win relief, the Court may sua sponte

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

dismiss the complaint as to the remaining Defendants without giving Durham notice or opportunity to respond. *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motions to Dismiss (ECF Nos. 7, 8) are **GRANTED**.

2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED without prejudice**.

3. Plaintiffs' pending motions before the Court (ECF Nos. 11, 15, 17, 22, 23, 24, 25, 26, 27) are **DENIED as moot.**

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, enter judgment for Defendants, and **CLOSE** the file.

**Dated** November 26, 2024.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6